IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF COMBS, TEXAS § <br> and Olga Montes, Individually and in her § <br> Capacity as Alderman for the City of Combs § <br> Texas. § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> EAST RIO HONDO WATER SUPPLY § <br> CORPORATION, B. J. Simpson, § <br> Charles M. Kilbourn, Thomas F. Schmitt § <br> Maria Hopper, Gloria Science, Santos § <br> Castillo, Ben Cowan and Henry Lipe, § <br> currently elected and/or appointed § <br> Members of the Board of Directors § <br> of the EAST RIO HONDO WATER § <br> SUPPLY CORPORATION § <br>     Defendants. § | | CIVIL ACT. NO. B-02-169 |

United States District Court
Southern District of Texas
FILED
SEP 0 4 2002
Michael N. Milby
Clerk of Court

## COMPLAINT

### I. The Nature of the Case

1. This complaint is an enforcement action under Section 5 and Section 2 of the Voting Rights Act, 42 U.S.C. §§1973, 1973c, as well as the Fourteenth, Fifteenth and Nineteenth Amendments to the United States Constitution, 42 U.S.C §1983. Through this action Plaintiffs seek a declaratory judgment, 28 U.S.C. § 2201ff, that the Defendants, described below, have violated the Voting Rights Act and the United States Constitution and to enjoin the Defendants and their successors in interest from conducting the elections involving the directors of the EAST RIO HONDO WATER SUPPLY CORPORATION Board of Directors unless and until the election system has received the Federal Approval required by Section 5 of the Federal Voting Rights Act.

1

2. On February 14, 1997, the Defendants adopted by-laws that included election practices and procedures that affected the right to vote. Upon information and belief, the newly adopted by-laws and practices and procedures have not been submitted for preclearance and have not received preclearance, as required by the Federal Voting Rights Act. Simply put, Plaintiffs seek to enjoin Defendants and their successors from conducting future elections because Defendants have failed to secure preclearance under Section 5 of the Voting Rights Act. *Clark v. Roemer*, 500 U.S. 646 (1991). 28 C.F.R. 51.10.

3. Upon information and belief, Defendants impose a $100 fee on voters for membership to the East Rio Hondo Water Supply Corporation, a prerequisite to the right to vote. Said fee violates Section 2 of the Voting Rights Act and the Equal Protection Clause of the Fourteenth Amendment. Once the franchise is granted to the electorate, lines may not be drawn which are inconsistent with the Equal Protection Clause of the Fourteenth Amendment. *Harper v Virginia Board of Elections*, 383 U.S. 663 (1966).

4. Plaintiffs seek a preliminary and permanent injunction, as to the implementation of the changes affecting voting instituted by Defendants through the calling for and holding of the elections by the EAST RIO HONDO WATER SUPPLY CORPORATION.

II. Jurisdiction

5. Plaintiffs invoke the jurisdiction of this Court pursuant to 42 U.S.C. §1973c, 28 U.S.C. §1343(3) and (4), 28 U.S.C. § 2201 and 42 U.S.C. §§ 1973j(f) and 1983.

III. Parties

6. Plaintiff THE CITY OF COMBS, TEXAS is a political jurisdiction of the State of Texas and is qualified to be a voting member of the EAST RIO HONDO WATER SUPPLY CORPORATION so long as it pays the fee required by the by-laws. Plaintiffs, Olga Montes, Antonio Hernandez and Marian Hernandez are each residents of the EAST RION HONDO WATER SUPPLY

CORPORATION. Each of the Plaintiffs are qualified to be a voting member of the EAST RIO HONDO WATER SUPPLY CORPORATION so long as he or she pays the fee required by the by-laws. Each of the Plaintiffs is a duly registered voter and each is Hispanic.

7. Plaintiffs desire to participate in the electoral and political processes of the EAST RIO HONDO WATER SUPPLY CORPORATION on an equal basis with other residents.

8. Defendant, EAST RIO HONDO WATER SUPPLY CORPORATION is an elected unit of government located entirely within the State of Texas and is covered by the Special provisions of the Federal Voting Rights Act. Defendants are responsible for calling and conducting, or causing to be conducted the election for Directors. The EAST RIO HONDO WATER SUPPLY CORPORATION may be served at their administrative offices located at P.O. Box 621, Rio Hondo, Texas 78583, phone (956) 748-3633.

9. The Defendants, B. J. Simpson, Charles M. Kilbourn, Thomas F. Schmitt, Maria Hopper, Gloria Science, Santos Castillo, Ben Cowan and Henry Lipe are the currently elected and/or appointed members of the Board of the EAST RIO HONDO WATER SUPPLY CORPORATION. They are sued in their official capacity as the duly elected and acting members of the Board of the EAST RIO HONDO WATER SUPPLY CORPORATION. They may be served at the administrative offices located at P.O. Box 621, Rio Hondo, Texas 78583, phone (956) 748-3633.

### IV. Statement of the Facts

10. In November of 1975, the Voting Rights Act of 1965 was amended and extended to cover the State of Texas. State political subdivisions covered by the Act must comply with certain specified procedures. Among those procedures is the requirement that all qualifications, prerequisites, standards, practices or procedures with respect to voting different from those in force and effect on November 1, 1972, must be determined, either by the United States Attorney General or a United States District Court for the District of Columbia, not to have the purpose or effect of denying or abridging the right

to vote on account of race, color or membership in a language minority group.

11. Upon information and belief, Defendants have never submitted any voting practices and procedures to the Department of Justice for preclearance under Section 5 of the Federal Voting Rights Act. Further, on or about February 14, 1997, the Defendants adopted by-laws that include voting policies and procedures that were never precleared pursuant to Section 5 of the Federal Voting Rights Act.

12. The actions of the EAST RIO HONDO WATER SUPPLY CORPORATION are practices and procedures affecting voting pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c. Based on information and belief, EAST RIO HONDO WATER SUPPLY CORPORATION has not obtained preclearance as required by Section 5 of the Federal Voting Rights Act.

13. Because the EAST RIO HONDO WATER SUPPLY CORPORATION and its board members have failed to obtain preclearance of these voting practices and procedures, implementation of those voting changes and the conduct and administration of the election process is illegal and unenforceable as a matter of law pursuant to Section 5 of the Federal Voting Rights Act.

14. The EAST RIO HONDO WATER SUPPLY CORPORATION service area is located in Cameron County. According to the 2000 Census, Cameron County has a population of 335,227 of which 282,736 or 84.3% is Hispanic.

15. Upon information and belief, of the eight board members that comprise the Board of Directors of the EAST RIO HONDO WATER SUPPLY CORPORATION only one or 12.5% is Hispanic.

16. Upon information and belief, the Defendants are imposing a $100 fee as a condition for membership and the right to vote in the election for the Board of Directors of the EAST RIO HONDO WATER SUPPLY CORPORATION. Said fee is similar to a poll tax that was declared unconstitutional in *Harper v. Virginia Board of Elections*, 383 U.S. 663 (1966).

## CAUSE OF ACTION

17. The allegations contained in paragraphs 1 through 17 are alleged as if fully set forth herein.

18. Plaintiffs' cause of action arises under the Voting Rights Act of 1965, as amended, 42 U.S.C. §1973c. Since the EAST RIO HONDO WATER SUPPLY CORPORATION has failed to secure preclearance of the February 1997 by-laws, the elections conducted pursuant to those by-laws, or the administration of election procedures pursuant to Section 5 of the Voting Rights Act, those changes are void. The implementation of the changes affecting voting without Section 5 preclearance violates the rights of Plaintiffs as secured by Section 5 of the Voting Rights Act, 42 U.S.C. §1973c.

19. This is also an action for declaratory judgment and preliminary and permanent injunctive relief instituted pursuant to 42 U.S.C. § 1973c and 28 U.S.C. § 2001. Plaintiffs seek a declaration that the actions of the EAST RIO HONDO WATER SUPPLY CORPORATION in implementing the February 1997 by-laws and conducting elections pursuant to those by-laws, violates their rights as secured by the Voting Rights Act. Plaintiffs further seek a declaratory judgment that the elections conducted pursuant to unprecleared election procedures are void because they were conducted and administered without preclearance and the results of these unprecleared elections are therefore invalid.

20. This is also an action for declaratory judgment and preliminary and permanent injunctive relief instituted pursuant to 42 U.S.C. § 1983. Plaintiffs seek a declaratory judgment that the $100 fee imposed as a prerequisite to the right to vote in EAST RIO HONDO WATER SUPPLY CORPORATION elections is void because it violates the Equal Protection Clause of the Constitution.

## BASIS FOR EQUITABLE RELIEF

21. Plaintiffs have no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for declaratory judgment and injunctive relief is their only means of securing adequate redress from Defendants' unlawful practices.

5

22. Plaintiffs will continue to suffer irreparable injury from Defendants' intentional acts, policies, and practices set forth herein unless enjoined by this Court.

## SUGGESTION OF A THREE-JUDGE COURT

23. Pursuant to 28 U.S.C. §2284, Plaintiffs suggest to the Court that this is the sort of case in which a Three Judge Court is required to take any action except to grant a Temporary Restraining Order.

## ATTORNEYS' FEES

24. Plaintiffs seek an award of reasonable attorney's fees, out-of pocket expenses, expert witness fees, and costs in accordance with 42 U.S.C. §§ 1973 l(e) and 1988 pursuant to each cause of action averred herein.

## PRAYER

Plaintiffs respectfully pray that this Court enter Judgment granting Plaintiffs:

A. A declaratory judgment that Defendants' actions in preparing to administer or conduct elections, without Section 5 preclearance, violate the rights of Plaintiff as secured by the Voting Rights Act, 42 U.S.C. § 1973c;

B. A declaratory judgment that any action to implement procedures in preparation for or conduct of election by Defendants is unenforceable and void as a matter of law;

C. Preliminary and permanent injunctive relief enjoining Defendants, their successors in office, agents, employees, attorneys and those persons acting in concert with them and/or at their discretion from taking any action in preparation for implementing or enforcing or otherwise trying to conduct elections under the unprecleared election districts;

D. Preliminary and permanent injunctive relief enjoining Defendants, their successors in office, agents, employees, attorneys and those persons acting in concert with them and/or at their

discretion from imposing the $100 fee as a condition to vote in the elections for the Board of Directors;

D. An order requiring Defendants to comply with Section 2 of the Voting Rights Act;

E. An order requiring Defendants to comply with Section 5 preclearancce requirements of the Voting Rights Act;

F. The costs of this suit and reasonable attorneys' fees;

G. An order of this Court retaining jurisdiction over this matter until all Defendants have complied with all orders and mandates of this Court; and

H. Such other and further relief as the Court may deem just and proper.

DATED:                                              Respectfully Submitted,


ROLANDO L. RIOS
GEORGE KORBEL
MELISSA CASTRO
The Law Offices of Rolando L. Rios
The Milam Building
115 E. Travis, Suite 1645
San Antonio, Texas 78205
Ph:   (210) 222-2102
Fax:  (210) 222-2898
E-mail: rrios@rolandorioslaw.com

By: _____
ROLANDO L. RIOS
SBN: 16935900
Attorneys for Plaintiffs


JOSE GARZA
SBN: 07731950
Law Office of Jose Garza
1913 Fordham
McAllen, Texas 78505
956-343-0157
E-mail: garzpalm@aol.com

7