IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 25 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| CITY OF COMBES, TEXAS, Olga Montes, § <br> Individually and in her Capacity as § <br> Alderman for the City of Combes, Texas, § <br> Antonio Hernandez and Marian Hernandez, § <br> Plaintiffs § <br> § <br> v. § <br> § <br> EAST RIO HONDO WATER SUPPLY § <br> CORPORATION, B.J. Simpson, § <br> Charles M. Kilbourn, Thomas F. Schmitt, § <br> Maria Hopper, Gloria Science, Santos § <br> Castillo, Ben Cowan and Henry Lipe, § <br> currently elected and/or appointed § <br> Members of the Board of Directors § <br> of the EAST RIO HONDO WATER § <br> SUPPLY CORPORATION, § <br> Defendants § | CIVIL ACTION NO. B-02-169 |

## DEFENDANTS' ORIGINAL ANSWER AND COUNTERCLAIM

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

**NOW COME** Defendants, East Rio Hondo Water Supply Corporation, B.J. Simpson, Charles M. Kilbourn, Thomas F. Schmitt, Maria Hopper, Santos Castillo, Ben Cowan, Henry Lipe, and currently elected and/or appointed Members of the Board of Directors of the East Rio Hondo Water Supply Corporation, file this their original answer and counterclaim to Plaintiffs' City of Combes, Texas, Olga Montes, Individually and in her Capacity as Alderman for the City of Combes, Texas, Antonio Hernandez, and Marian Hernandez original complaint.

### A. Admissions & Denials

1.  Defendants admit the allegations in paragraph 1.

2. Defendants admit that by-laws, which included election practices and procedures that affect the right to vote, were adopted as amended on February 14, 1997. Defendants admit that the adopted by-laws have not been submitted for pre-clearance and have not received pre-clearance, but deny it is required by the Federal Voting Rights Act. Defendants admit that Plaintiffs seek to enjoin Defendants and their successors from conducting future elections for failing to secure pre-clearance under the Voting Rights Act.

3. Defendants admit that a $100 fee is imposed on voters for membership and the right to vote in the East Rio Hondo Water Supply Corporation. Defendants deny that said fee violates Section 2 of the Voting Rights Act and the Equal Protection Clause of the Fourteenth Amendment. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that lines may not be drawn which are inconsistent with the Equal Protection Clause of the Fourteenth Amendment once the franchise is granted to the electorate.

4. Defendants admit to the allegations in paragraph 4.

5. Defendants deny the allegations in paragraph 5.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that the City of Combs [sic], Texas is a political jurisdiction of the State of Texas but denies that it is qualified to be a voting member of the East Rio Hondo Water Supply Corporation as long as it pays the fee required by the by-laws. Defendants deny that Olga Montes, Antonio Hernandez and Marian Hernandez are each residents of the East Rio Hondo Water Supply Corporation. Defendants deny that each of the Plaintiffs are qualified to be a voting member of the East Rio Hondo Water Supply Corporation as long as he or she

pays the fee required by the by-laws. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that each of the individual Plaintiffs are duly registered voters and Hispanic.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 7.

8. Defendants admit that East Rio Hondo Water Supply Corporation may be served at its administrative offices located at P.O. Box 621, Rio Hondo, Texas 78583, phone (956) 748-3633, but deny the remaining allegations in paragraph 8.

9. Defendants admit that B.J. Simpson, Charles M. Kilbourn, Thomas F. Schmitt, Maria Hopper, Santos Castillo, Ben Cowan and Henry Lipe are the currently elected and/or appointed members of the Board of the East Rio Hondo Water Supply Corporation, but deny that Gloria Science is a currently elected or appointed member of the Board of the East Rio Hondo Water Supply Corporation. Defendants admit that B.J. Simpson, Charles M. Kilbourn, Thomas F. Schmitt, Maria Hopper, Santos Castillo, Ben Cowan and Henry Lipe are sued in their official capacity as the duly elected and acting members of the Board of the East Rio Hondo Water Supply Corporation but deny that Gloria Science is sued in her official capacity. Defendants deny that Gloria Science may be served at the administrative offices located at P.O. Box 621, Rio Hondo, Texas 78583, phone (956) 748-3633 but admits that the remaining persons may be served at said location.

10. Defendants admit to the allegations in paragraph 10.

11. Defendants admit to the allegations in paragraph 11.

12. Defendants admit that East Rio Hondo Water Supply Corporation has not obtained pre-clearance under Section 5 of the Federal Voting Rights Act but deny the actions of the East Rio Hondo Water Supply Corporation are practices and procedures affecting voting pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c.

13. Defendants deny the allegations in paragraph 13.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that according to the 2000 Census, Cameron County has a population of 335,227 of which 282,736 or 84.3% are Hispanic but admit that the East Rio Hondo Water Supply Corporation service is located in Cameron County.

15. Defendants deny the allegation in paragraph 15.

16. Defendants admit that a $100 fee is imposed as a condition for membership and the right to vote in the election for the Board of Directors of the East Rio Hondo Water Supply Corporation but denies the remaining allegations in paragraph 16.

17. Defendants admit, deny or are without knowledge or information sufficient to form a belief as to the truth of the allegations as previously set forth in paragraphs 1 through 17.

18. Defendants deny the allegation in paragraph 18.

19. Defendants admit to the allegations in paragraph 19.

20. Defendants admit to the allegations in paragraph 20.

21. Defendants deny the allegation in paragraph 21.

22. Defendants deny the allegation in paragraph 22.

23. Defendants deny the allegation in paragraph 23.

24. Defendants admit to the allegation in paragraph 24.

## B. COUNTERCLAIM

25. On or about May 11, 1984, East Rio Hondo Water Supply Corporation entered into a water transfer contract for the purpose of transporting and delivering water to the Town of Combes via the City of Harlingen's water system.

26. In turn, the Town of Combes would pay, upon receipt of a water bill from the City of Harlingen, the transportation fee based upon meter readings directly to East Rio Hondo Water Supply Corporation.

27. Harlingen Waterworks System was the water supplier to the Town of Combes and they have considered, through information and belief, the Combes' account for water service closed as of November 2001.

28. East Rio Hondo Water Supply Corporation no longer has an obligation to transport and deliver water to the Town of Combes, via the City of Harlingen, because the Town of Combes no longer has a water supply contract with the City of Harlingen.

29. To date, the Town of Combes has an outstanding balance of $1,746.85 due and owing East Rio Hondo Water Supply Corporation under the transfer contract.

30. Defendants seek a declaratory judgment against the Town of Combes that the transfer contract entered into between East Rio Hondo Water Supply Corporation and the Town of Combes is no longer valid by virtue of the Town of Combes no longer having a water supply contract with the City of Harlingen.

31. Defendants further seek damages for Breach of Contract in the amount of $1,746.85 plus interest for failing to pay the transportation fee in accordance with paragraph 5 of the transfer contract.

32. Defendants seek an award of reasonable attorney fees, out-of-pocket expenses, expert witness fees, and costs in defending and prosecuting its claims against plaintiffs.

### C. Prayer

For these reasons, defendants ask the court to do the following:

a. Render judgment that plaintiffs take nothing;

b. Dismiss Plaintiffs' suit with prejudice;

c. Assess costs against plaintiffs;

d. Award defendants attorney's fees;

e. Render judgment for defendants against plaintiffs for declaratory judgment, breach of contract, damages, attorney fees, interest, and all other relief to which defendants are entitled.

Respectfully submitted,

_____
J.W. Dyer, Attorney-in-Charge
State Bar No. 06316020
Federal I. D. 8644
Dyer & Associates
3700 N. 10th Street, Suite 105
McAllen, Texas 78501
Tel. (956) 686-6606
Fax (956) 686-6601
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that I mailed a true and correct copy of Defendants' Original Answer and Counterclaim on October 21 2002, to the following parties in the manner described below:

***Via CMRRR No. 7001 2510 0001 4514 7831***
U. S. District Clerk
Southern District at Brownsville
600 East Harrison Street, Ste. 101
Brownsville, TX 78520

***Via CMRRR No. 7001 2510 0001 4514 7824***
Mr. Rolando Rios
Law Offices of Rolando L. Rios
115 E. Travis, Suite 1645
San Antonio, Texas 78205

_____
J.W. Dyer