United States District Court
Southern District of Texas
FILED

NOV 2 6 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF COMBS, TEXAS, Olga Montes, Individually and in her Capacity as Alderman for the City of Combes, Texas, Antonio Hernandez and Marian Hernandez, | § § § § § | |
| Plaintiffs | § § | |
| v. | § § | CIV. ACT. NO. B-02-169 |
| EAST RIO HONDO WATER SUPPLY CORPORATION, B.J. Simpson, Charles M. Kilbourn, Thomas F. Schmitt, Maria Hopper, Gloria Science, Santos Castillo, Ben Cowan, and Henry Lipe, currently elected and/or appointed Members of the Board of Directors of the EAST RIO HONDO WATER SUPPLY CORPORATION, | § § § § § § § § § | |
| Defendants | § | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)F.R.C.P.

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   The meeting was held on November 25, 2002 via phone conference between Mr. Rolando L. Rios, for the plaintiff and J.W. Dyer, for the Defendant.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

   There are none to the knowledge of the parties.

3. Specify the allegation of federal jurisdiction.

   Federal jurisdiction is alleged under Sections 5 and 2 of the Federal Voting Rights Act, 42 U.S.C. §§1973, 1973c, as well as the Fourteenth, Fifteenth, and Nineteenth Amendments to the United States Constitutions, and 42 U.S.C. 1983.

4. Name the parties who disagree and the reasons.

   Defendant disagrees with the notion that the Federal Voting Rights Act applies to defendants in this matter.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   There are none to the knowledge of the parties.

6. List anticipated intervenors.

   There are none anticipated.

7. Describe class-action issues.

   The remedy for individual plaintiffs will remedy class action issues.

8. State whether each party represents that is has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   The Plaintiffs have not made the initial disclosures required by Rule 26(a); however, they do intend to have made such disclosures by the pretrial conference setting. Defendants will make their initial disclosures by December 2, 2002.

9. Describe the agreed discovery plan, including:

A. Response to all the matters raised in Rule 26(f).

See above.

B. When and to whom the plaintiff anticipates it may send interrogatories.

The Plaintiffs anticipate sending interrogatories to the Defendant Water Supply Corporation, and its General Manager within 30 days from the Pretrial Conference.

C. When and to whom the defendant anticipates it may send interrogatories.

Defendants anticipate sending interrogatories to plaintiffs within 45 days after the pretrial conference.

D. Of whom and by when the plaintiff anticipates taking oral depositions.

The Plaintiffs have not made a decision as to oral depositions yet. If oral depositions are needed, Plaintiffs will notify Defendants via a Notice of Deposition Upon Oral Examination.

E. Of whom and by when the defendant anticipates taking oral depositions.

If oral depositions are needed, Defendants will notify Plaintiffs via a Notice of Deposition upon Oral Examination.

F. List expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

No experts expected to be called on Section 5 issues. Plaintiffs may call an expert on Section 2 claims.

G. List expert depositions the defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Defendants anticipates taking depositions of all Plaintiffs' experts within 60 days of their designation.

10. If the parties are not agreed on any part of the discovery plan, describe the separate views and proposals of each party.

11. Specify the discovery beyond the initial disclosures that has been undertaken to date.

    None has occurred.

12. State the date the planned discovery can reasonably be completed.

    Thirty to Sixty (30-60) days from the date of the Pretrial Conference, or 45 days after the depositions of Plaintiffs experts, whichever occurs later..

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    Unknown.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

    The parties disagree on the substantive legal issues

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

    In a Federal Voting Rights action, the only resolution is via a three-judge panel in federal court. Alternative Dispute Resolution is not an appropriate forum.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint positions on a trial before a magistrate judge.

In a Federal Voting Rights action, the only resolution is via a three-judge panel in federal court. A Magistrate Judge may not hear such a case; and therefore is not an appropriate forum.

17. State whether a jury demand has been made and if it was made on time.

    None has been made. In a Federal Voting Rights action, the only resolution is via a three-judge panel in federal court. A jury may hear such a case; and therefore is not an appropriate forum.

18. Specify the number of hours it will take to present the evidence in this case.

    Plaintiffs expect that presentation of evidence will take between four and six (4-6) hours. Defendants expect to put on evidence for less than one hour.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Plaintiffs have an Application for a Three-Judge Panel pending. In addition, Plaintiffs anticipate filing a motion for a preliminary injunction. Defendants anticipate filing a plea to the jurisdiction of the court and a motion for summary judgment.

20. List other motions pending.

    See above No. 19.

21. Indicate other matters peculiar to this case, including discovery, that deserve special attention of the court at the conference.

    None to the knowledge of the parties.

22. List the names, bar numbers, addresses, and telephone numbers of all counsel.

Rolando L. Rios, SBN 16935900, The Law Office of Rolando L. Rios, The Milam Building, 115 E. Travis, Suite 1645, San Antonio, Texas 78205 ph (210) 222-2102, fax (210) 222-2898;

J.W. Dyer, Dyer & Associates, 3700 N. 10th Street, Suite 105, McAllen, Texas 78501, ph (956) 686-6606, fax (956) 686-6601.

Dated: November 25, 2002

Respectfully Submitted,

ROLANDO L. RIOS
GEORGE KORBEL
MELISSA M. CASTRO
The Law Office of Rolando L. Rios
Attorneys at Law
115 E. Travis, Suite 1645
San Antonio, Texas 78205
Ph (210) 222-2102
Fax (210) 222-2898

JOSE GARZA
The Law Office of Jose Garza
1913 Fordham
McAllen, Texas 78505
Ph (956) 343-0157

By: _Rolando Rios b.p._
ROLANDO L. RIOS
Attorneys for the Plaintiffs

Mr. J.W. Dyer
Dyer & Associates
3700 N. 10th Street, Suite 105
Mc Allen, Texas 78501
Tel. (956) 686-6606
Fax (956) 686-6601

By: __[telephonic approval]__
J. W. DYER
Attorney for the Defendants