IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 4 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CITY OF COMBS, TEXAS, Olga Montes, Individually and in her Capacity as Alderman for the City of Combes, Texas, Antonio Hernandez and Marian Hernandez,<br><br>    **Plaintiffs**<br><br>v.<br><br>EAST RIO HONDO WATER SUPPLY CORPORATION, B.J. Simpson, Charles M. Kilbourn, Thomas F. Schmitt, Maria Hopper, Gloria Science, Santos Castillo, Ben Cowan, and Henry Lipe, currently elected and/or appointed Members of the Board of Directors of the EAST RIO HONDO WATER SUPPLY CORPORATION,<br><br>    **Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B-02-169 |

<u>PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING MEMORANDUM</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, by and through their counsel of record, submit this MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING MEMORANDUM requesting an injunction restraining Defendants and their successors in interest from: preparing to administer or conduct or conducting elections, including implementation of any procedures in preparation for the upcoming February 2003 elections, calling for the election of Directors until the Defendant District has complied with the requirements of Section 5 of the Federal Voting Rights Act, 42 U.S.C. §§1973, 1973c.

## I. FACTS

Defendant Water Supply Corporation filed its Articles of Incorporation on May 17, 1972, with the Texas Secretary of State. Defendant adopted its Bylaws on February 14, 1997. These Bylaws contained practices and procedures affecting voting, including a poll tax and candidacy requirements which affect the right to vote.[1]

Defendant has failed to obtain preclearance of these election changes, the implementation of those changes and the conduct and administration of the election process is illegal and unenforceable as a matter of law pursuant to Section 5 of the Voting Rights Act. 42 U.S.C. § 1973c. Plaintiffs seek to enjoin Defendants and their successors from conducting future elections because Defendants have failed to secure preclearance under Section 5 of the Voting Rights Act. *Clark v. Roemer*, 500 U.S. 646 (1991); 28 C.F.R. §51.10.

Upon information and belief, Defendants impose a $100 fee on voters for membership to Defendant Water Supply Corporation, as a prerequisite to the right to vote. Said fee is tantamount to a poll tax and has been declared unconstitutional. *See, Harper v. Virginia Board of Elections*, 383 U.S. 663 (1996). The poll tax Defendants have imposed is, in fact, sixty-six times that of the poll tax declared unconstitutional in *United States v. Texas*, 252 F. Supp. 234 (W.D.Tex. 1966) and *United States v. Alabama*, 252 F. Supp. 95 ( M.D. Ala. 1966). Plaintiffs seek a preliminary and permanent injunction, as to the implementation of the changes affecting voting instituted by Defendants through the adoption of new requirements for the electorate.

## II. LAW AND ARGUMENT

Congress intended that disputes involving coverage of 42 USC §1973c be determined by a

---

1 Under Section 5 of the Voting Rights Act, 42 U.S.C. 1973c, any change with respect to voting, in a covered jurisdiction, cannot legally be enforced unless and until the jurisdiction first obtains preclearance. Preclearance may be obtained only from the United States District Court for the District of Columbia, or from the United States Attorney General. Preclearance requires proof that the proposed voting change does not deny or abridge the right to vote on account of race, color, or membership in a language minority group. If the jurisdiction is unable to prove the absence of such discrimination, the District Court denies preclearance, or in the case of administrative

three-judge court.[2] *LULAC v. Texas*, 113 F.3d 53 (5th Cir. 1997); *Allen v. State Bd. of Elections*, 393 U.S. 544 (1969); and *Trinidad v. Koebig*, 638 F.2d 846 (5th Cir. 1981). The initial determination of whether change in voting procedures has been effected and is so covered by the Voting Rights Act, must be heard by three-judge court of district in which suit is brought; even if it is true that change, if any, is small, it still must be made by three-judge court and not by single judge. *Sumter County Democratic Executive Committee v. Dearman*, 514 F.2d 1168 (5th Cir. 1975).

In the context of a §5 preclearance claim, courts have implemented a three-pronged test to secure injunctive relief. *See, e.g., Lopez v. Monterey Cty.,* 519 U.S. 9 (1996); *City of Lockhart v. United States,* 460 U.S. 125 (1983); and *United States v. Board of Supervisors of Warren Cty.*, 429 U.S. 642 (1997). The three-part inquiry consists of determining: (1) whether a change was covered by §5; (2) if the change was covered, whether §5's approval requirements were satisfied; and (3) if the requirements were not satisfied, what remedy is appropriate. *Lopez, supra* at 1158.

**A.        Whether the Change is Covered by §5**

The Voting Rights Act of 1965, as amended, requires the State of Texas and its political subdivisions to comply with preclearance requirements of Section 5 of the Act whenever changes to voting qualifications, prerequisites, standards, practices, or procedures are made to those in force on November 1, 1972. 42 U.S.C. §1973c.

**1. Defendant Water District is a Political Subdivision.**

Under Section 5, any change with respect to voting in a covered jurisdiction -- or any political subunit within it -- cannot legally be enforced unless and until the jurisdiction first

---

submissions, the Attorney General objects to the change, and it remains legally unenforceable.
2 Section 5 of the Voting Rights Act, 42 U.S.C. §1973c, states that any action under this section shall be heard and determined by a court of three judges in accordance with the provisions of 28 U.S.C. §2284. 28 U.S.C. §2284(b)(1) provides that the district judge to whom a request for a three-judge court is made shall, unless he determines that three judges are not required, notify the chief judge of the circuit to convene a three-judge court. Appeals from decisions of three-judge courts under 42 U.S.C. 1973c must be made directly to the Supreme Court. Courts of appeals, however, have jurisdiction to determine whether a single district judge properly declined to convene a three-judge court. Single district

obtains preclearance.  In November of 1975, the Voting Rights Act of 1965 was amended and extended to cover the State of Texas.  State political subdivisions, including non-profit water supply corporations, must comply with specified procedures.

Defendants admit that they have not complied with the preclearance requirement of §5 because they claim that they are not a political subdivision of the State of Texas.  Defendants' Answer at pp. 2, 3. Defendants are incorrect in this assertion.  A non-profit water supply corporation is a political subdivision of the State of Texas within the context of Section 5.

Under Section 15.001(5) of the Texas Water Code, a political subdivision is defined as a "city, county, district or authority created under Article III, Section 52, or Article XVI, Section 59, of the Texas Constitution, any other political subdivision of the state, any interstate compact commission to which the state is a party, and **any nonprofit water supply corporation** created and operating under Chapter 67" (emphasis added).

Section 16.001(7) of the Texas Water Code, states that a political subdivision is a "county, city, or other body politic or corporate of the state, including any district or authority created under Article III, Section 52 or Article XVI, Section 59 of the Texas Constitution and including any interstate compact commission to which the state is a party and **any nonprofit water supply** *corporation* created and operating under Chapter 67" (emphasis added).

Section 17.001(6) of the Texas Water code, states that a political subdivision is a "state agency, a county, city, or other body politic or corporate of the state, including any district or authority created under Article III, Section 52 or Article XVI, Section 59 of the Texas Constitution and including any interstate compact commission to which the state is a party and **any nonprofit water supply corporation** created and operating under Chapter 76" (emphasis added).

---

judges may not determine the merits of claims alleging the failure to preclear voting changes under 42 U.S.C. §1973c.

In addition to the applicable water code sections, Texas Government Code chapters 551 and 552 define non-profit water corporations as governmental bodies of the State of Texas and require compliance with these provisions.[3] Section 552.003(1)(A)(ix) defines a governmental body as "the governing body of a nonprofit corporation organized under Chapter 67, Water Code, that provides a water supply or wastewater service, or both, and is exempt from ad valorem taxation under Section 11.30, Tax Code."

Section 551.001(3)(J) states a governmental body is a "nonprofit corporation organized under Chapter 67, Water Code, that provides a water supply or wastewater service, or both, and is exempt from ad valorem taxation under Section 11.30, Tax Code."

Clearly, Defendant Water Supply Corporation is a covered jurisdiction.

**2. Whether the Change is Covered**

Use of the new by-laws in any election and any election actions taken pursuant to the new by-laws are unenforceable because the new by-laws include changes in election practices and procedures that have not been precleared. *See e.g, Clark v. Roamer*, 500 U.S. 646, 700-701 (1991); *McDaniel v. Sanchez*, 452 U.S. 130 (1981); and *Conner v. Waller*, 421 U.S. 656 (1975). The United States Supreme Court has stated unequivocally that "[I]f voting changes subject to §5 have not been precleared, plaintiffs are entitled to an injunction prohibiting the [jurisdiction] from implementing the changes." *Clark, supra* at 701.

Additionally, Defendants are inconsistent in the application of their unprecleared voting requirements. Defendants deny that each of the Plaintiffs are qualified to be a voting member of the East Rio Hondo Water Supply Corporation as long as he or she pays the fee required by the by-laws.

---

3 Section 17.002 of the Texas Water Code incorporates the Open Meeting and Open Records Laws. It states: "nonprofit water supply corporations which receive any assistance under this chapter are subject to Chapter 551, Government Code, and to Chapter 552, Government Code."

Defendants' Answer at 2.   However, the corporation's by-laws, Article VIII, Section 1, state that "Every person (which includes any legal entity) owning or having a legal right to the control, possession or occupancy of property served or which may reasonably be served by the Corporation, shall have the right to become a Member of the Corporation upon payment of the Membership fee. . ." Bylaws of East Rio Hondo Water Supply Corporation at 7.

According to the Defendant's own By-laws, each Plaintiff would qualify to vote upon payment of the $100 fee.

By-laws establishing election procedures, establishing poll taxes and candidacy requirements as qualifications for voting and numerous other changes, are all changes which are covered under Section 5.

**B.      Whether §5's approval requirements were satisfied:**

Under §5, a jurisdiction must submit and receive preclearance or federal approval from either the Department of Justice or a special three-judge Court in the District of Columbia.  The Defendant Water Supply Corporation has not made a submission to the Department of Justice, nor filed a declaratory judgment action in the United States District Court for the District of Columbia.

Defendants admit that they have not complied with the preclearance requirement of §5 due to their denial that they are a political subdivision of the State of Texas.  §5 approval requirements have not been satisfied. [4]

**C.      What Remedy is Appropriate**

The appropriate remedy, under a §5 preclearance violation, is to enjoin the Defendant from calling for, conducting or holding the unprecleared election, and to order submission of the

---

[4] For example, various other types of water entities within the State of Texas have made Submission to the United States Department of Justice under Section 5 of the Voting Rights Act; they include: levee improvement districts, groundwater conservation districts, water control and improvement districts, water authorities, water districts, freshwater supply districts, flood control districts, drainage districts, water improvement districts, underground water conservation districts, aquifer authorities, and municipal utility districts.

6

uncpreclared change. *Lopez, supra.* The upcoming election is scheduled for February 2003. The February elections are rapidly approaching; candidates need file for office some number of days before the election. Should the Defendant Water District make a submission, voluntarily or by court order, the Department of Justice needs at least sixty (60)[5] days in which to review for preclearance approval or to issue a letter of objection.

Further, since Defendant Water Supply Corporation has never submitted any voting change or procedure, it can be reasonably assumed that said Submission will indeed be voluminous and take the full time allotted by law.

Therefore, it is imperative that this Court enjoin the election and order Defendant Water Supply Corporation to submit a submission to the Department of Justice for Section 5

### III. REQUESTED RELIEF

Plaintiffs respectfully request that this Court issue an order for a preliminary injunction restraining Defendants, along with their officers, representatives, successors, agents, and employees and those acting in concert with Defendants and/or at their direction, from taking any action in preparation for implementing or enforcing or otherwise trying to conduct any election under the unpreclared election plan, until or unless the changes in the election procedures affecting voting are precleared.

---

5 Preclearance usually takes sixty days (60) days, however the Department of Justice may request additional information. *See* 28 C.F.R. 51.37. Upon receipt of a complete response to the request for additional information, a new 60-day period begins for the Attorney General to make her determination.

## IV.  NO BOND SHOULD BE REQUIRED

Plaintiffs should not be required to post a bond for this Request for Preliminary Injunction. The cost to Defendants is minimal in that they will only be required to fulfill their legal obligations under the Voting Rights Act.  42 U.S.C. 1973c.  In these circumstances, the Court has authority to waive the posting of a bond.  *Steward v. West,* 449 F.2d 324, 325 (5th Cir. 1971).  Moreover, the issues involved in this litigation pertain to the constitutionally protected right to vote.  Equity should allow for the preliminary injunction to issue without requirement of a security bond.

## V. CONCLUSION

This Motion is based upon Plaintiffs' Complaint filed in this federal court.  Plaintiffs request that their Complaint be incorporated into and considered as part of this Motion by reference.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that said MOTION be in all respects and in all particulars GRANTED and that a three-judge court be empanelled.


DATED:      December 3, 2002                    Respectfully Submitted,

                                                ROLANDO L. RIOS
                                                GEORGE KORBEL
                                                MELISSA M. CASTRO
                                                The Law Offices of Rolando L. Rios
                                                The Milam Building
                                                115 E. Travis, Suite 1645
                                                San Antonio, Texas 78205
                                                Ph:    (210) 222-2102
                                                Fax:   (210) 222-2898

                                                JOSE GARZA
                                                The Law Office of Jose Garza
                                                1913 Fordham
                                                McAllen, Texas 78505
                                                Ph (956) 343-0157

                                                By:_____
                                                ROLANDO L. RIOS
                                                Attorneys for the Plaintiffs

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion for Preliminary Injunction and

Supporting Memorandum has been served on the attorney for the Defendants at the following

address on this ___ day of December 2002.


Mr. J.W. Dyer
Dyer & Associates
3700 N. 10th Street, Suite 105
Mc Allen, Texas 78501
Tel. (956) 686-6606
Fax (956) 686-6604

By: _____
ROLANDO L. RIOS


## CERTIFICATE OF CONFERENCE

I hereby certify that we have contacted opposing counsel and Defendants opposed this

motion.

By: _____
ROLANDO L. RIOS


9

COUNTY OF BEXAR        §
                       §        **VERIFICATION**
STATE OF TEXAS         §

BEFORE ME, the undersigned Notary Public, personally appeared Rolando L. Rios who, being by me here and now duly sworn, upon his oath deposes and says:

My name is Rolando L. Rios, and I reside in Bexar County, Texas. I am over the age of eighteen years, and I am fully competent to testify to the facts contained in this affidavit. I am the attorney in charge in the above styled case.  I have read the foregoing Plaintiffs' Motion for Preliminary Injunction and Supporting Memorandum.  Everything contained in said Motion and Memorandum is true and correct to the best of my knowledge.

ROLANDO L. RIOS, Affiant

SWORN TO and subscribed before me on December 3rd, 2002.

DIANA AMAYA
MY COMMISSION EXPIRES
September 9, 2006

Notary Public, State of Texas

My commission expires: 2006

10