IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF COMBS, TEXAS, Olga Montes, Individually and in her Capacity as Alderman for the City of Combes, Texas, Antonio Hernandez and Marian Hernandez, | § § § § § | |
| Plaintiffs | § § § | |
| v. | § § | CIV. ACT. NO. B-02-169 (Single Judge Court) |
| EAST RIO HONDO WATER SUPPLY CORPORATION, B.J. Simpson, Charles M. Kilbourn, Thomas F. Schmitt, Maria Hopper, Gloria Science, Santos Castillo, Ben Cowan, and Henry Lipe, currently elected and/or appointed Members of the Board of Directors of the EAST RIO HONDO WATER SUPPLY CORPORATION, | § § § § § § § § § | |
| Defendants. | § | |

## PLAINTIFFS' MOTION TO DISMISS STATE-LAW COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Plaintiffs, City of Combes, Texas, Antonio Hernandez, and Marian Hernandez, and pursuant to Fed.R.Civ.P. 12(b)(1) file this their Motion to Dismiss State-Law Counterclaim and would show the Court the following:

### I. INTRODUCTION

Plaintiffs originally filed this action seeking redress for alleged violations of Sections 2 and 5 of the Voting Rights Act, 42 U.S.C. §§ 1973 and 1973c, and Fourteenth, Fifteenth, and Nineteenth Amendments of the United States Constitution, 42 U.S.C. § 1983. On December 18, 2002, a Three-Judge Court was convened to hear this case. On

January 17, 2003, the Three-Judge Court severed and remanded Plaintiffs claims under the Fourteenth, Fifteenth, and Nineteenth Amendments of the United States Constitution; claims under Section 2 of the Voting Rights; and Defendant's contract-related counterclaim to this Single Judge Court. Order January 17, 2003.

The Three-Judge Court considered Plaintiffs' claims arising under Section 5 of the Voting Rights Act only and entered summary judgment for Defendants on February 3, 2003. Plaintiffs filed a notice of appeal on February 27, 2003.

The Parties submitted a scheduling order, as directed by this Court, on March 10, 2003.

Plaintiffs now file this Motion to dismiss Defendant's contract-related counterclaim.

## II.  LAW AND ARGUMENT

A motion filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed.R.Civ.P.12(b)(1). An action *must* be dismissed if it appears that the court does not possess subject matter jurisdiction over the claims. Fed.R.Civ.P. 12(b)(1), (h)(3) (emphasis added). The party invoking jurisdiction carries the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 551 U.S. 375, 377 (1994).

A court may examine evidence outside the pleadings when deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. The court may base its decision on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; and (3) the complaint supplemented by undisputed facts plus the

2

court's resolution of disputed facts." *Barrera-Montenegro v. United States*, 74 F.3d 657 (5th Cir. 1996) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

In the case *sub judice*, Defendants are attempting to invoke this Court's jurisdiction to resolve a state-law breach of contract claim. Plaintiffs assert that this Court does not have the power to hear this purely state-law claim; or assuming *arguendo* that this Court determines that it has jurisdiction, it should not exercise jurisdiction because the federal law issues predominate.

The statute authorizing supplemental jurisdiction, provides in pertinent part:

> In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United State Constitution.

28 U.S.C. §1367(a).

For a claim to be part of "the same case or controversy," it must derive from a common nucleus of operative facts and [be] such that a [party] would ordinarily be expected to try them in one judicial proceeding." *United Mine Workers of America v. Gibbs*, 383 U.SS. 715, 725 (1966).

"As a practical way of testing this, courts often look to see if the same facts underlying proof of liability for federal claims also underlie the proof of liability for the sate law claim." *Early v. Bruno*, 2001 U.S. Dist. LEXIS 9629, *2 (N.D. Ill. 2001) (citations omitted).

The federal claims, in this case deal with Section 2 of the federal Voting Rights Act, 42 U.S.C. §§ 1973 and 1973c, and the Fourteenth, Fifteenth and Nineteenth

Amendments of the United States Constitution, 42 U.S.C. § 1983. The state law claim deals solely with Texas contract law.

The state law and federal claims do not arise out of a common nucleus of operative fact. Merely because the breach of contract involves the same parties does not make it arise out of the same common nucleus of operative facts.

In this case, the federal claims and the state-law claim cannot even be compared because they are so wholly different. The state claim requires, as its elements that there be a (1) contract; (2) breach; (3) plaintiff's performance; and (4) damages. The facts necessary to prove the Defendant's breach of contract claim are very different from those necessary to prove civil rights voting rights claim or claims relating to the United States Constitution.

In addition, a party litigating a voting rights claim would not expect to try a state law breach of contract in one judicial proceeding.

Lastly, there is a pending state suit,[1] which deals exactly with the state law breach of contract claim, and as such, a Texas state court is the more appropriate forum for the resolution of the state law breach of contract claim.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs request the state-law claim be dismissed.

Dated: March 14, 2003                              Respectfully Submitted,

ROLANDO L. RIOS
GEORGE KORBEL
The Law Office of Rolando L. Rios
Attorneys at Law
115 E. Travis, Suite 1645

---

[1] The state suit is styled: "Town of Combes v. East Rio Hondo Water Supply Corporation, Ca No. 2002-12-4796-E, filed in the 357th Judicial District Court of Cameron County, Texas."

San Antonio, Texas 78205
Ph (210) 222-2102
Fax (210) 222-2898

JOSE GARZA
The Law Office of Jose Garza
1913 Fordham
McAllen, Texas 78505
Ph (956) 343-0157

By: _____
ROLANDO L. RIOS

Attorneys for Plaintiffs

## CERTIFICATE OF CONFERENCE

I hereby certify that I have made efforts to contact Defendant's counsel on March 14, 2003, but was unavailable to reach him. The court should assume that this motion is opposed.

By: _____
ROLANDO RIOS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiffs' Motion to Dismiss State-Law Counterclaim has been sent via first-class mail to the attorney of record for the Defendants at the following address on this 14th day of March 2003 as follows:

J.W. Dyer
Dyer & Associates
3700 N. 10th Street, Suite 105
Mc Allen, Texas 78501
Tel. (956) 686-6606
Fax (956) 686-6601

By: _____
ROLANDO L. RIOS