United States District Court
Southern District of Texas
FILED

MAR 2 4 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF COMBS, TEXAS, Olga Montes, Individually and in her Capacity as Alderman for the City of Combes, Texas, Antonio Hernandez and Marian Hernandez, | § § § § § | |
| Plaintiffs | § § § | |
| v. | § § | CIV. ACT. NO. B-02-169 (Three-Judge Court) |
| EAST RIO HONDO WATER SUPPLY CORPORATION, B.J. Simpson, Charles M. Kilbourn, Thomas F. Schmitt, Maria Hopper, Gloria Science, Santos Castillo, Ben Cowan, and Henry Lipe, currently elected and/or appointed Members of the Board of Directors of the EAST RIO HONDO WATER SUPPLY CORPORATION, | § § § § § § § § § | |
| Defendants. | § | |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' OPPOSED MOTION FOR ATTORNEY'S FEES

**TO THE HONORABLE JUDGES OF SAID COURT:**

Plaintiffs file this response to Defendants' Opposed Motion for Attorney' Fees requesting that this Court deny said Motion and that order that each party bear its own attorney's fees, expenses and costs in this case. Plaintiffs' oppose Defendant's attorney's fees motion on four substantive grounds: (1) Defendants do not cite any legal authority for a claim of entitlement to attorneys fees; (2) Plaintiff's claims were not frivolous, (3) public policy weights against an award of attorneys fees to Defendants, and (4) Defendants did not analyze the factors to be considered in awarding attorneys fees.[1]

---

[1] Procedurally, the Defendants' motion should be denied because it does not comport with the Local Rules. LR 54.2 requires that when attorney's fees are taxable as costs, an application for such fees "must be made

1

## I. INTRODUCTION

Plaintiffs originally filed this action seeking redress for alleged violations of Sections 2 and 5 of the Voting Rights Act, 42 U.S.C. §§ 1973 and 1973c, and the Fourteenth, Fifteenth, and Nineteenth Amendments of the United States Constitution, 42 U.S.C. § 1983. On December 18, 2002, this Three-Judge Court was convened to hear this case. On January 17, 2003, this Three-Judge Court severed and remanded Plaintiffs claims under the Fourteenth, Fifteenth, and Nineteenth Amendments of the United States Constitution; claims under Section 2 of the Voting Rights; and Defendant's contract-related counterclaim to a Single Judge Court. Order January 17, 2003. This Court considered Plaintiffs' claims arising under Section 5 of the Voting Rights Act and entered summary judgment for Defendants on February 3, 2003. Plaintiffs then filed a notice of appeal on February 27, 2003. Defendants filed their motion for attorney's fees on or about March 11, 2003.

## II. LAW AND ARGUMENT

Generally, litigants are responsible for their own attorneys fees, however Congress has provided that "in any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. §1973l(e). Although, a prevailing party may be eligible for an award of attorneys fees, the United States Supreme Court has set a more rigorous standard for awarding attorneys' fees to prevailing defendants in civil rights lawsuits. See

---

with the application for other costs" and with 14 days of the judgment. Here the Three-Judge Court issued its judgment on February 3, 2003. The Defendants failed to file any application for costs as required by the local Southern District rules, much less an application for fees within the mandatory 14 day timeline, but instead filed the instant motion on or about March 11, 2003.

2

*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), see also, e.g. *Comm's Court of Medina County v. United States*, 221 U.S. App. D.C. 116 (1982), *Myers v. City of West Monroe*, 211 F.3d 289 (5th Cir. 2000), *Paradigm Media Group, Inc. v. City of Irving*, 2002 U.S. Dist. LEXIS 21503 (N.D. Tx. 2002), *BGHA, L.L.C. v. City of Universal City*, 2002 U.S. Dist. LEXIS 20675 (W.D. Tx. 2002), and *Selma Coalition for Equality v. City of Selma*, SA-00-CA-498-EP (W.D. Tx. 29, 2003)(Attachment No. 1).

A prevailing defendant is entitled to attorneys' fees in a civil rights action only where a plaintiff's claim is frivolous, unreasonable, or groundless. A suit is frivolous if it is so lacking in arguable merit as to be groundless or without merit. *BGHA, supra* at *7.

This strict standard "is intended to endure that plaintiffs with uncertain by arguably meritorious claims are not altogether deterred from initiating litigation by the threat of incurring onerous legal fees should their claims fail." *Myers, supra* at 292 n.1, quoting *Aller v. New York Board of Elections*, 586 F. Supp. 603, 605 (S.D.N.Y. 1984).

Although defendants ultimately prevailed on summary judgment, there is nothing in the record from which to conclude that plaintiff's civil rights action was frivolous unreasonable or without foundation.

Plaintiffs brought suit under the Voting Rights Act seeking relief in the form of a stay of the election and the requirement that the defendant seek preclearance. The disputed issue in this case, was whether the defendant was a "political subdivision" of the State of Texas. Plaintiffs submitted briefing on the injunction sought, defendants responded. The parties submitted statements of disputed and material facts, and a pretrial memorandum. The pleadings and process demonstrate that both parties, and this Court acknowledged that plaintiffs' presented a colorable claim. The fact that defendants

3

prevailed on the merits does not mean that plaintiff's suit was frivolous. Plaintiffs' as private parties and parties affected had the right to bring an enforcement action under Section 5 of the Voting Rights Act. Whether a non-profit water supply corporation, who has admittedly failed to secure preclearance under Section 5, where state statutes define non-profit water corporations as political subdivisions and governmental bodies of the State of Texas, was indeed a political subdivision of the State of Texas, and therefore covered by the Voting Rights Act is clearly a substantial and difficult question.

In addition, Defendants have made no showing that Plaintiff's civil rights suit was frivolous, unreasonable or otherwise without merit. Defendants merely make a blanket statement that "[they] are entitled to an award of attorney's fees because Defendants are the prevailing party in a action brought under the Voting Rights Act..." Defendants Motion at 1. Moreover, this Court's rulings support the notion that Plaintiffs' cause was substantial and not frivolous. On December 17, 2002, in granting Plaintiffs' Application to Convene Three-Judge Court, this Court ruled: "Having determined that Plaintiffs' claims regarding noncompliance with pre-clearance of § 5 of the Voting Rights Act of 1965 are neither wholly insubstantial nor completely without merit... the Court hereby GRANTS Plaintiffs' Application to Convene a Three-Judge Court." Order Dec. 17, 2002. In it's Memorandum Opinion, this Court characterized plaintiffs' argument as "plausible" and acknowledged that at least at first glance, the Texas Water Code "appears to lend support to the plaintiffs' argument". Memorandum Opinion, p. 8.

The more stringent standard set for Defendants has been implemented to prevent any chilling effect on the enforcement of civil rights and to encourage private litigation of the civil rights statutes. See *Vaughner v. Pulito*, 804 F.2d 873, 878 (5th Cir.1986).

4

Clearly, the facts of this case do not support an award of attorney's fees to the Defendants.

Finally, the Defendants did not even bother to mention or analyze their fee request against the factors to be considered in awarding attorneys' under *Johnson v Georgia Highway Express, Inc.* 488 F.2d 714 (5th Cir. 1974).

### III. CONCLUSION

For the foregoing reasons, Plaintiffs request this Court to deny Defendant's request for attorneys fees and grant all other relief to which Plaintiffs are entitled.

Dated: March 21, 2003                                    Respectfully Submitted,

ROLANDO L. RIOS
GEORGE KORBEL
The Law Office of Rolando L. Rios
Attorneys at Law
115 E. Travis, Suite 1645
San Antonio, Texas 78205
Ph (210) 222-2102
Fax (210) 222-2898

JOSE GARZA
The Law Office of Jose Garza
1913 Fordham
McAllen, Texas 78505
Ph (956) 343-0157

By: _____
JOSE GARZA
Attorneys for Plaintiffs

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiffs' Response to Defendant's Opposed Motion for Attorneys Fees has been sent via first-class mail to the attorney of

record for the Defendants at the following address on this 24st day of March 2003 as follows:

J.W. Dyer
Dyer & Associates
3700 N. 10th Street, Suite 105
Mc Allen, Texas 78501
Tel. (956) 686-6606
Fax (956) 686-6601

By: _____
ROLANDO L. RIOS

# ATTACHMENT NO. 1

FILED
FEB 19 2003
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SELMA COALITION FOR EQUALITY )
AND CHANGE (SCEC); DR. LAURA )
COLEMAN; FRANK CERRUTI and )
MARTHA JANE SENECAL, )
)
Plaintiffs, )
)
VS. ) Civil Action No. SA-00-CA-498-EP
)
CITY OF SELMA and SELMA CITY )
COUNCIL / COMMISSION, )
)
Defendants. )

## ORDER

On this date, the Court considered Plaintiffs' Motion for Reconsideration of Award of Fees, filed January 16, 2003, and Defendants' Opposition and Motion to Reform Award, filed January 27, 2003. After careful consideration, the Court will grant Plaintiffs' motion.

As noted in the order awarding attorney's fees, the Court, in its discretion, may award attorney's fees to the prevailing party under the Voting Rights Act. *See* 42 U.S.C. § 1973l(e). The United States Supreme Court, however, has set a more rigorous standard for awarding attorneys' fees to prevailing defendants in civil rights lawsuits. "A district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg Garment Co.*, 434 U.S. 412, 421 (1977); *see also Myers v. City of West Monroe*, 211 F.3d 289, 293 (5th Cir. 2000). This limitation attempts to prevent any chilling effect on the enforcement of civil rights and to encourage private enforcement of the civil rights statutes.

See *Vaughner v. Pulito*, 804 F.2d 873, 878 (5th Cir. 1986). In determining whether a suit is frivolous, the district court should look to factors such as whether the plaintiff established a *prima facie* case, whether the defendant offered to settle, and whether the court dismissed the case or held a full trial. *Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir. 1999); *see also United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991).

This case was filed on May 15, 2000, as a challenge to voting procedures for the May 6, 2000 Selma general election. Defendants submitted a request for preclearance regarding several of Plaintiffs' complaints more than a month before the election. The Court denied Plaintiffs' request for a temporary restraining order on May 16, 2000. In May 2001, the Court determined that the matter would not go to trial on May 29, 2001, as previously scheduled. There was no action in the case until the Court ordered the parties to attend a status conference in March 2002. Plaintiffs did not explain why they had failed to actively prosecute the case during the previous 10 months. At that time, Plaintiffs' informed the Court that four claims remained for disposition.

The Court dismissed Plaintiffs' first remaining claim because the Department of Justice had precleared the claim on May 30, 2000, when it issued a letter saying that it had no objection to the changes contained in the request for preclearance. The remaining claims were dismissed in a summary judgment order dated October 10, 2002. The three-judge panel found that Plaintiffs failed to show that the City of Selma was required to have a bilingual election staff and that changes to the selection of election personnel did not constitute changes within the meaning of § 5. On January 6, 2003, the Court granted Defendants' motion for attorney's fees after receiving no response from Plaintiffs, and awarded Defendants $9275.95 in costs and $76,892.83 in attorney's fees.

As evidenced by the dismissal of Plaintiffs' claims, the Court found that the actions complained of in Plaintiffs' lawsuit did not rise to the level of actionable claims under the Voting

Rights Act. Nonetheless, under the precedent set by the United States Supreme Court, the Court finds that Plaintiffs' claims do not rise to the level of frivolous, unreasonable, or without foundation. As such, the Court reconsiders its award of attorney's fees to Defendants.

Accordingly, the Court GRANTS Plaintiffs' Motion for Reconsideration (docket entry # 86), such that the Court VACATES its order granting Defendants' Motion for Award of Costs and Attorneys' Fees (docket entry # 82) and DENIES Defendants' motion for attorney's fees. The Court DENIES as moot Defendants' Motion to Reform Award (docket entry # 89).

SIGNED this 19th day of February 2003.

EDWARD C. PRADO
UNITED STATES DISTRICT JUDGE