United States District Court
Southern District of Texas
FILED

MAR 2 4 2003

Michael N. Milby
Clerk of Court    34

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF COMBES, TEXAS, OLGA MONTES, Individually and in her Capacity as Alderman for the City of Combes, Texas, ANTONIO HERNANDEZ and MARIAN HERNANDEZ, Plaintiffs | § § § § § § § | |
| | § | CIVIL ACTION NO. B-02-169 |
| vs. | § § | (Single-Judge District Court) |
| EAST RIO HONDO WATER SUPPLY CORPORATION, B. J. SIMPSON, CHARLES M. KILBOURN, THOMAS F. SCHMITT, MARIA HOPPER, GLORIA SCIENCE, SANTOS CASTILLO, BEN COWAN and HENRY LIPE, CURRENTLY ELECTED AND/OR APPOINTED MEMBERS OF THE BOARD OF DIRECTORS OF THE EAST RIO HONDO WATER SUPPLY CORPORATION, Defendants | § § § § § § § § § § § § § § § | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO DISMISS STATE-LAW COUNTERCLAIM

TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:

COME NOW EAST RIO HONDO WATER SUPPLY CORPORATION, B. J. SIMPSON,

CHARLES M. KILBOURN, THOMAS F. SCHMITT, MARIA HOPPER, SANTOS CASTILLO,

BEN COWAN and HENRY LIPE, CURRENTLY ELECTED AND/OR APPOINTED MEMBERS

OF THE BOARD OF DIRECTORS OF THE EAST RIO HONDO WATER SUPPLY

CORPORATION (collectively *"Defendants"*) who file this their response to the Plaintiffs' Motion

-1-

to Dismiss State-Law Counterclaim, and in opposition to the Motion, would respectfully show the Court as follows:

1. Plaintiffs' Motion should be denied because this Court has supplemental jurisdiction over Defendants' claims as they relate to Plaintiff, City of Combes. Supplemental jurisdiction extends a federal district court's jurisdiction over claims that are sufficiently related to the claim on which the original jurisdiction is based. 28 U.S.C. § 1367. Section 1367(a) authorizes a federal court to exercise jurisdiction over pendent claims, pendent parties, and ancillary claims when they are so related to the claims in the action that they are part of the same "case or controversy". For the reasons set forth below, Defendants would submit that their counterclaim is an integral part of the case brought by Plaintiff, City of Combes, and that the exercise of supplemental jurisdiction in this instance is wholly appropriate. Moreover, Section 1367(a) requires the court to accept and exercise supplemental jurisdiction unless (1) the exercise of supplemental jurisdiction is subject to being declined for the reasons specified in 28 U.S.C. § 1367(c); or (2) the exercise of supplemental jurisdiction will destroy diversity under 28 U.S.C. § 1367(b). Neither of these exceptions are applicable in this case.

2. As set forth in the Affidavit of Brian Macmanus attached hereto as **Exhibit "A"**, Defendants' counterclaim arises from a contract between East Rio Hondo Water Supply Corporation and the City of Combes whereby East Rio Hondo Water Supply Corporation was to transport and deliver water to the City of Combes using the City of Harlingen's water system. A true and correct copy of the contract is attached hereto as **Exhibit "1"**. The City of Combes is not a member of East Rio Hondo Water Supply Corporation. The City of Combes does not own or have a legal right to control, possess or occupy property served or which may reasonably be served by East Rio Hondo

-2-

Water Supply Corporation. Only persons owning or having a legal right to control, possess or occupy property served or which may reasonably be served by East Rio Hondo Water Supply Corporation have a right to become a member of East Rio Hondo Water Supply Corporation. The only obligation which East Rio Hondo Water Supply Corporation has ever had to provide water to the City of Combes is through the transfer contract which is the subject of Defendants' counterclaim. The existence of this contract is the City of Combes' sole basis to support its standing to assert its claims in this suit. Defendants attach hereto **Exhibit "A"** and incorporate it herein as if fully copied and set forth at length.

3. Contrary to Plaintiffs' unverified assertions, Defendants' counterclaim on the subject contract and the City of Combes' standing to assert its claims do arise out of a common nucleus. Apart from the merits of Plaintiffs' claims which Defendants strongly deny, without the existence of this contract, the City of Combes would have absolutely no standing to raise its Voting Rights Act and constitutional claims at all. It is entirely appropriate for this Court to accept jurisdiction of the parties' dispute over this contract which is central to the City of Combes' status as a party in this case. Plaintiffs' argument that this Court does not, or should not accept, jurisdiction of Defendants' contract claim is without merit and should be rejected.

4. Plaintiffs lastly argue that dismissal is appropriate because there is a pending state suit. Attached as **Exhibit "2"** is a copy of Plaintiffs' pleading in the state court suit. Plaintiffs, not Defendants, initiated this state court suit well after Defendants filed their counterclaim in this case. The state court has abated its proceedings pending resolution of this case. See attached **Exhibit "3"**. Jurisdiction is proper in this court and there is no legal reason to force Defendants to litigate their claims in state court. Section 1367 does not authorize this Court to refuse jurisdiction on this

basis.

     5.  For all of these reasons, Defendants request that Plaintiffs' Motion to Dismiss State-Law

Counterclaim be **denied**.

                               Respectfully submitted,

                               J. W. Dyer, Attorney in Charge
                               State Bar No. 06316020
                               Federal I.D. No. 8644
                               Dyer & Associates
                               3700 N. 10th St., Ste. 105
                               McAllen, TX 78501
                               Telephone: (956) 686-6606
                               Telecopier: (956) 686-6601

                               **ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **Defendants' Response to Plaintiffs' Motion to Dismiss State-Law Counterclaim** has been served on the _20_ day of March, 2003, to the following parties in the manner indicated below:

Mr. Rolando L. Rios                          _**Via CMRRR No. 7002 1000 0004 8558 2996**_
Mr. George Korbel
Law Offices of Rolando L. Rios
The Milam Building
115 E. Travis, Ste. 1645
San Antonio, TX 78205

Mr. Michael Milby                            _**Via CMRRR No. 7002 1000 0004 8558 3023**_
U. S. District Clerk
Brownsville Division
600 E. Harrison St.
Brownsville, TX 78520-7114

J. W. Dyer

mtc:motions10:erhwscresp2mtn2dismiss

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

CITY OF COMBES, TEXAS, OLGA          §
MONTES, Individually and in her      §
Capacity as Alderman for the City of §
Combes, Texas, ANTONIO               §
HERNANDEZ and MARIAN                 §
HERNANDEZ,                           §          CIVIL ACTION NO. B-02-169
      Plaintiffs                §          (Single-Judge District Court)
                                     §
vs.                                  §
                                     §
EAST RIO HONDO WATER SUPPLY          §
CORPORATION, B. J. SIMPSON,          §
CHARLES M. KILBOURN, THOMAS          §
F. SCHMITT, MARIA HOPPER,            §
GLORIA SCIENCE, SANTOS               §
CASTILLO, BEN COWAN and              §
HENRY LIPE, CURRENTLY                §
ELECTED AND/OR APPOINTED             §
MEMBERS OF THE BOARD OF              §
DIRECTORS OF THE EAST RIO            §
HONDO WATER SUPPLY                   §
CORPORATION,                         §
      Defendants                §

THE STATE OF TEXAS    §

                            **AFFIDAVIT OF BRIAN MACMANUS**

COUNTY OF CAMERON    §

      BEFORE ME, the undersigned authority, on this day personally appeared Brian Macmanus,

who being by me duly sworn, upon his oath, deposed and said as follows:

      1. "My name is Brian Macmanus. I am over the age of twenty-one years. I have never been

convicted of a felony, and I am fully competent to make this Affidavit. I have personal knowledge

of the facts stated herein, and they are all true and correct.

-1-



2.  "I am employed by East Rio Hondo Water Supply Corporation as Director of Water and Wastewater. I have been employed by East Rio Hondo Water Supply Corporation since January 2000 and I am the person in charge of records for East Rio Hondo Water Supply Corporation. **Exhibit "1"** attached hereto is a true and correct copy of the contract between East Rio Hondo Water Supply Corporation and City of Combes, Texas which is at issue in this federal suit. **Exhibit "2"** attached hereto is a true and correct copy of "Town of Combes Original Petition for Declaratory Judgment" ("Original Petition") filed by the City of Combes, in *Cause No. 2002-12-4796-E, Town of Combes vs. East Rio Hondo Water Supply Corporation*, In the 357th Judicial District Court of Cameron County, Texas ("the State Court case"). The City of Combes filed their Original Petition after East Rio Hondo Water Supply Corporation filed its counterclaim in this suit. **Exhibit "3"** attached hereto is a true and correct copy of an Order entered in the State Court case which abates the State Court case pending resolution of this federal suit.

3.  "Defendants' counterclaim in this federal suit against the City of Combes arises from the contract attached as **Exhibit "1"** between East Rio Hondo Water Supply Corporation and the City of Combes whereby East Rio Hondo Water Supply Corporation was to transport and deliver water to the City of Combes using the City of Harlingen's water system. The City of Combes is not a member of East Rio Hondo Water Supply Corporation. The City of Combes does not own or have a legal right to control, possess or occupy property served or which may reasonably be served by East Rio Hondo Water Supply Corporation. Only persons owning or having a legal right to control, possess or occupy property served or which may reasonably be served by East Rio Hondo Water Supply Corporation have a right to become a member of East Rio Hondo Water Supply Corporation . The only obligation which East Rio Hondo Water Supply Corporation has ever had to provide

water to the City of Combes is through the transfer contract which is the subject of Defendants

counterclaim. The existence of this contract is the City of Combes' sole basis to support its standing

to assert its claims in this suit"

FURTHER, AFFIANT SAYETH NOT.

_____
Brian Macmanus, Affiant

SWORN TO AND SUBSCRIBED BEFORE ME by the said Brian Macmanus on this 19th
day of March, 2003, to certify which witness my hand and seal of office.



_____
Notary Public in and for the State of Texas

_____
Printed Name of Notary Public

-3-

WATER TRANSPORTATION AGREEMENT

This AGREEMENT is made and entered into on this _____11th_____ day of
_____May_____, 1984 by and between East Rio Hondo Water Supply
Corporation, hereinafter called E.R.H.W.S.C., and the Town of Combes,
hereinafter called, Combes.

It is agreed and understood that this agreement is for the
express purpose of transportation and delivery, via water pipeline,
from the E.R.H.W.S.C. point of connection to the City of Harlingen
water system on State Highway F.M. 507, to the proposed meter location
on State Highway F.M. 508, east of U.S. Expressway 77.

E.R.H.W.S.C. hereby represents, warrants and agrees that it can
and will:

1. Transport and deliver potable water from the City of
   Harlingen water system to Combes meter;

2. Maintain adequate pressure in the water line to the Combes
   meter;

3. Maintain water lines, fittings, valves, water storage tanks
   and appurtenances so as to provide Combes with a reliable
   potable water supply;

4. Repair and/or maintain water lines, fittings, valves, water
   storage tanks and appurtenances as rapidly as possible,
   under ordinary circumstances, so as to maintain an adequate
   delivery of water to Combes;

5. Provide for flows up to a maximum limit of 10,800,000
   gallons (250 gpm X 1440 X 30 = 10,800,000 gal/mo.) per
   month to Combes;

Not withstanding any of the above E.R.H.W.S.C. shall not be liable
for conditions beyond its control or for breaks or failures in the
water system which impedes or curtails the delivery of water to Combes.



EXHIBIT

"/"

Combes hereby represnets, warrants and agrees that it can and will:

1. Arrange and pay for City of Harlingen water meter(s) to be installed at the point of connection of E.R.H.W.S.C. water line to Combes;

2. Bear the expense of any and all line extensions, valve installations, meter boxes and other additions that may be necessary for connection, and metering of water delivery from the E.R.H.W.S.C. line(s) to Combes;

3. Maintain its water system so as to prevent contamination of the E.R.H.W.S.C. system;

4. Provide and maintain backflow preventers to eliminate a reverse flow of water from Combes to E.R.H.W.S.C.:

5. Pay E.R.H.W.S.C. by the tenth (10th) calendar day after receipt of the water bill from the City of Harlingen, the transportation fee based on meter readings, made by the City of Harlingen, and the Transportation Fee Schedule attached and made a part of this agreement as Exhibit "A". the meter reading shall be rounded to the closest 500,000 gallons to determine the fee but shall be subject to a 2,000,000 gallon, i.e. $39.00 minimum amount per billing period.

This agreement shall run for a period of fifty (50) years at which time it may be renewed with written consent of both parties.

In the event that conditions change so as to create a hardship on one or both parties hereto, this agreement may be terminated by mutual written consent.

This agreement may be executed in one or more parts, each of which shall be deemed an original.

Approved at a _____special_____ meeting of the Board of Aldermen
of the Town of Combes, held on the __11th__ day of ____May____, 1984.


_Jerry L. Young_
Mayor


Attest:

_Eleanor T. Adams_
Town Secretary


Approved at a regular meeting of the Board of Directors of the East
Rio Hondo Water Supply Corporation, held on the _5th_ day of
_June_____, 1984.


_B. J. Simpson_
Manager


_Thomas F. Schmidt_
Secretary

EXHIBIT "A"

Transportation Fee Schedule

| | | | | | |
|---|---|---|---|---|---|
| 1. | Million gals./mo. | = | $19.50 |
| 2. | " | " | " | = | 39.00 |
| 2.5 | " | " | " | = | 48.75 |
| 3. | " | " | " | = | 58.50 |
| 3.5 | " | " | " | = | 68.25 |
| 4. | " | " | " | = | 78.00 |
| .4.5 | " | " | " | = | 87.75 |
| 5. | " | " | " | = | 97.50 |
| 5.5 | " | " | " | = | 107.25 |
| 6. | " | " | " | = | 117.00 |
| 6.5 | " | " | " | = | 126.75 |
| 7. | " | " | " | = | 136.50 |
| 7.5 | " | " | " | = | 146.25 |
| 8. | " | " | " | = | 156.00 |
| 8.5 | " | " | " | = | 165.75 |
| 9. | " | " | " | = | 175.50 |
| 9.5 | " | " | " | = | 185.25 |
| 10. | " | " | " | = | 195.00 |
| 10.5 | " | " | " | = | 204.75 |
| 11. | " | " | " | = | 214.50 |

## VERIFICATION

FILED ___12:30___ O'CLOCK ___ P
AURORA DE LA GARZA DIST. CLER

DEC 0 3 2002

DISTRICT COURT OF CAMERON COUNTY, TE
~~RICK M. CORNEJO~~

STATE OF TEXAS          §
                 *Cameron*          §
COUNTY OF ~~WILLACY~~          §

On this day, Silvestre Garcia, Mayor of the Town of Combes, appeared before me, the undersigned notary public, and after I administered an oath to him, upon his oath, he said he read the TOWN OF COMBES ORIGINAL PETITION for DECLARATORY JUDGMENT and the facts stated in it are within his personal knowledge and are true and correct.

Silvestre Garcia
Mayor of the Town of Combes

SWORN TO and SUBSCRIBED before me by Silvestre Garcia, Mayor of the Town of Combes on ___Dec 2_____, 2002.

FRANCES A MILAZZO
Notary Public
State of Texas
My Commission Expires
February 7, 2006

Frances A. Milazzo
Notary Public in and for
the State of Texas

FILED 12-3-02 2 O'CLOCK ___ P ___M
AURORA DE LA GARZA DIST. CLERK

DEC 0 3 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
RICK M. CORNEJO ___ DEPUTY

Cause No. *2002-12-4796-E*

| | | |
|---|---|---|
| TOWN of COMBES, | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| vs. | § | _357th_ JUDICIAL DISTRICT |
| | § | |
| EAST RIO HONDO WATER | § | |
| SUPPLY CORPORATION, | § | CAMERON COUNTY, TEXAS |
| *Defendant* | | |

## TOWN of COMBES
## ORIGINAL PETITION for DECLARATORY JUDGMENT

### TO THE HONORABLE JUDGE OF SAID COURT:

**TOWN of COMBES** (hereinafter Combes), **Plaintiff,** petitions this Court pursuant to the Uniform Declaratory Judgment Act, Chapter 37 of the Texas Civil Practice and Remedies Code, for a construction of its rights and Obligations pursuant to the Water Transportation Agreement Executed on the 11th day of May 1984 by Plaintiff, Combes, and Defendant East Rio Hondo Water Supply Corporation (hereinafter E.R.H.W.S.C.).

### I.
### DISCOVERY LEVEL

Discovery in this suit is intended to be conducted under Level 2 of the T.R.C.P. 190.3.

### II.
### PARTIES

Plaintiff, Combes, is a municipality situated in Cameron County, Texas. Defendant, E.R.H.W.S.C., is a water supply corporation having its principal place of business in Cameron County, Texas. These parties are all who have or claim any interest that would be affected by this action. Defendant E.R.H.W.S.C. may be served with citation via personal service at 206 Industrial Parkway, Rio Hondo, Cameron County, Texas, 78583, by servicing members of the Executive board who are B.J. Simpson, Charles M. Kilbourn, Thomas F. Schmitt, Maria

**EXHIBIT**
"2"

Hopper, Gloria Science, Santos Castillo, Ben Conan and Henry Lipe, and who perform executive functions.

## III.
## JURISDICTION and VENUE

Jurisdiction is proper in Texas because all parties to the Declaratory Judgment are residents of the State of Texas.

Venue is proper in Cameron County, Texas pursuant to Texas Civil Practice and Remedies Code section 15.002 (a) because it is the county where all or a substantial part of the events or omissions giving rise to the Declaratory Judgment occurred.

## IV.
## FACTS

On the 11th day of May 1984, Plaintiff, COMBES, and Defendant, E.R.H.W.S.C., executed the Water Transportation Agreement. A copy of the "Water Transportation Agreement" is attached hereto as Exhibit "A" and incorporated by reference as if set forth fully in length.

The terms of this "Water Transportation Agreement," executed by Combes and E.R.H.W.S.C., required for 50 years for E.R.H.W.S.C. to permit Combes " the express purpose of transportation and delivery, via water pipeline, from the E.R.H.W.S.C. point of connection to the City of Harlingen water system on State Highway F.M. 507, to the proposed meter location on State Highway F.M. 508, East of U.S. Expressway 77."

E.R.H.W.S.C. represented and agreed that for an agreed set fee it could and would "transport and deliver potable water from the City of Harlingen water system to Combes water."

Combes agreed and represented that it could and would, among other "arrange and pay for City of Harlingen water meter(s) to be installed at the point of connection of E.R.H.W.S.C. water line to Combes" and "bear the expense of any and all line extensions, valve installations,

meter boxes and other additions that may be necessary for connection, and metering of water delivering from the E.R.H.W.S.C. lines to Combes"

The agreement has remained in operation over 18 years, from the 11th day of May, 1984 until November 14, 2002, where on E.R.H.W.S.C. served notice on Combes of service disconnection for alleged failures of the agreement.

However, E.R.H.W.S.C. alleged failures have occurred as retaliation for Combes participation in Federal lawsuit #B-02-169 titled City of Combes, et. al. v. E.R.H.W.S.C., et. al. filed for elections violations of the Voting Rights Acts in electing and selecting its members of the Board of Directors and improperly limiting public participation in the election process.

Combes requests the court to construe the Water Transportation Agreement and declare whether or not E.R.H.W.S.C. breached the terms of the agreement.

Further, Combes requests that this court determine the rights, liabilities, duties, responsibilities and legal relations of E.R.H.W.S.C. to Combes under the terms of the "Water Transportation Agreements"

## APPLICATION for TEMPORARY RESTRAINING ORDER

Plaintiff will suffer immediate and irreparable injury, loss or damage if Defendant, its partners, agents, servants, employees, managers, and representatives and all persons in active concert or participation with Defendant who receive actual notice of this order by personal services or otherwise are not immediately enjoined from disconnecting Combes services to the Harlingen Waterworks System via the E.R.H.W.S.C. water pipeline connecting the City of Harlingen system on State Highway FM 507 to meter on State Highway FM 508, East of U.S. Expressway 77, and preventing Combes use of operation of the water pipeline after the date hereof.

If plaintiff application is not granted, harm is imminent because Combes and the Town's residents will not have another source of potable water for Combes emergency purposes.

Plaintiff has no adequate remedy at law against Defendant because the damages are incalculable. Furthermore, Plaintiff has no property for protection against Defendant actions,

Defendant being a water supply corporation whose property and revenues are generated from supply of water to the public.

Plaintiff is willing to post bond if the court deems it appropriate.

## REQUEST for TEMPORARY INJUNCTION

Plaintiff asks the Court to set its application for TRO for hearing, and after hearing the application, issue a temporary injunction against defendant.

## V.
## ATTORNEY FEES

**Plaintiff, Combes**, has retained the law office of Richard Valdez, to represent plaintiff in this action and has agreed to pay the firm reasonable and necessary attorney's fees . An award of reasonable and necessary attorney's fees to plaintiff would be equitable and just and therefore authorized by Section 37.009 of Texas Civil Practice and Remedies Code.

## DEMAND for JURY

Plaintiff demands a jury trial and tenders the approximate fee.

## PRAYER

Wherefore, Plaintiff requests that the Defendant be cited to appear and answer, and that upon final trial, Plaintiff have the following:

1.     A declaration that Combes is entitled to continued water transportation via the E.R.H.W.S.C. water Pipeline

2.     A. declaration of the rights, liabilities, duties, responsibilities and legal relations of Combes and E.R.H.W.S.C. under the terms of the water Transportation Agreement.

3.     Attorney's fees

4.     Cost of Suit.

5.     Upon notice and hearing grant a temporary injunction enjoining Defendant, E.R.H.W.S.C. in conformity with the allegations of this Petition, from acts set forth herein during pendency of this suit.

6.     Cost of copies of depositions

7.     Such other and further relief to which Plaintiff, Combes, may be justly entitled.

Respectfully submitted,

LAW OFFICE OF
RICHARD VALDEZ
905 MORGAN BLVD., STE. B
P.O. BOX 534042
HARLINGEN, TEXAS 78550
TELE  (956) 425-5775
FAX   (956) 425-6565

BY: _____
        RICHARD VALDEZ
        State Bar # 00789694

CAUSE NO. 2002-12-4796-E

| | | |
|---|---|---|
| TOWN OF COMBES | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| vs. | § | 357TH JUDICIAL DISTRICT |
| | § | |
| EAST RIO HONDO WATER | § | |
| SUPPLY CORPORATION | § | |
| Defendant | § | CAMERON COUNTY, TEXAS |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS/ABATE

On the _____ day of _____, 2003, came to be heard Defendant's

Motion to Abate and the Court, finding that jurisdiction is proper and that venue is in the County

of Cameron, State of Texas, finds that good cause has been shown and defendant's motion to

~~dismiss~~ *Abate* is GRANTED.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that above-entitled

and numbered cause is ~~dismissed~~ *Abated* and the injunction is dissolved

SIGNED this _11th_ day of _____, 2003.



JUDGE PRESIDING

J.W. Dyer, Dyer & Associates, 3700 N. 10th Street, Ste. 105, McAllen, Texas 78501
Richard Valdez, Law Office of Richard Valdez, 905 Morgan Blvd., Ste. B, Harlingen, Texas 78550

FILED 9:00 O'CLOCK A M
AURORA DE LA GARZA, DIST. CLERK

JAN 16 2003

DISTRICT COURT, CAMERON COUNTY, TEXAS
BY _____ DEPUTY

**EXHIBIT**
"3"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CITY OF COMBES, TEXAS, OLGA MONTES, Individually and in her Capacity as Alderman for the City of Combes, Texas, ANTONIO HERNANDEZ and MARIAN HERNANDEZ, | § § § § § § | |
| Plaintiffs | § § | CIVIL ACTION NO. B-02-169 (Single-Judge District Court) |
| vs. | § § § | |
| EAST RIO HONDO WATER SUPPLY CORPORATION, B. J. SIMPSON, CHARLES M. KILBOURN, THOMAS F. SCHMITT, MARIA HOPPER, GLORIA SCIENCE, SANTOS CASTILLO, BEN COWAN and HENRY LIPE, CURRENTLY ELECTED AND/OR APPOINTED MEMBERS OF THE BOARD OF DIRECTORS OF THE EAST RIO HONDO WATER SUPPLY CORPORATION, | § § § § § § § § § § § § § | |
| Defendants | § | |

**ORDER**

On the _____ day of _____, 2003, this Court considered Plaintiff's Motion to Dismiss State-Law Counterclaim. After reviewing the pleadings, motions, and affidavits on file, this Court is of the opinion that Plaintiff's Motion to Dismiss State-Law Counterclaim should be in all things, **DENIED**.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that:

Plaintiff's Motion to Dismiss State-Law Counterclaim is hereby **DENIED**.

Order
City of Combes, et al
vs. East Rio Hondo Water Supply Corporation
Page 2


      SIGNED this _____ day of_____, 2003.


_____
U. S.  DISTRICT COURT JUDGE PRESIDING



cc:    J. W. Dyer, Dyer & Associates, 3700 N. Tenth Street, Suite 105, McAllen, Texas 78501
       Rolando L. Rios, The Milam Bldg., 115 E. Travis, Ste. 1645, San Antonio, Texas 78205