3 7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# —BROWNSVILLE DIVISION—

United States District Court
Southern District of Texas
FILED

APR 2 2 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| CITY OF COMBES, TEXAS, ET AL. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02-169 |
| | § | (Three-Judge District Court) |
| EAST RIO HONDO WATER SUPPLY | § | |
| CORP. ET AL. | § | |

## DENIAL OF ATTORNEY'S FEES; DISSOLUTION OF THREE-JUDGE COURT

Pending is Defendants' opposed motion for attorney's fees pursuant to 42 U.S.C. § 1973*l*(e). See Docket No. 30. For the reasons elaborated below, the same is hereby **DENIED**.

Having examined the relevant case law, the Court holds that Defendants' request is subject to the heightened standard for awarding attorney's fees to prevailing defendants in civil rights suits first established in Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422 (1978). See League of Latin Am. Citizens Council No. 4434 v. Clements, 923 F.2d 365, 367-68 (5th Cir. 1991) (en banc) (applying Christiansburg to request for fees made pursuant to 42 U.S.C. §§ 1973*l*(e), 1988); see also Hensley v. Eckerhart, 461 U.S. 424, 429 n.2, 433 n.7 (1983) (stating that "[t]he standards set forth in this opinion," which included notation of Christiansburg's holding, "are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party'"); Hughes v. Rowe, 449 U.S. 5, 14 (1980) (per curiam) (applying Christiansburg outside of its initial Title VII context).

Defendants do not meet the heightened standard established by Christiansburg, which would require a showing that Plaintiffs' Section 5 claim was "frivolous, unreasonable, or groundless." Christiansburg, 434 U.S. at 422. As a matter of law, Defendants are incapable of meeting said standard. First, the Court has previously characterized Plaintiffs' Section 5 claim as "plausible" in light of the provisions of the Texas Water Code, albeit not persuasive. See generally Docket No. 26 (memorandum opinion); see also Hughes, 449 U.S. at 15-16 ("Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by Christiansburg.").

Second, the procedural posture of this case likewise precludes an award of fees under Christiansburg. Section 5 requires that cases arising thereunder "be heard and determined by a court of three judges in accordance with the provisions of section 2284 of Title 28." 42 U.S.C. § 1973c. The one exception to this statutory mandate is when a § 5 claim is "'wholly insubstantial' and completely without merit, such as where the claims are frivolous, essentially fictitious, or determined by prior case law." League of United Latin Am. Citizens (LULAC) of Texas v. Texas, 113 F.3d 53, 55 (5th Cir. 1997) (per curiam). In such instances, a single district judge may dismiss the suit. Id. Otherwise, a three-judge court is necessary. Id.

On December 17, 2002, the Court granted Plaintiffs' application for the empanelment of a three-judge District Court pursuant to 42 U.S.C. § 1973c and 28 U.S.C. § 2284(b)(1). See Docket No. 10. Said grant was ipso facto a determination on the part of the District Court that Plaintiffs' claims were not frivolous. The order noted this fact explicitly. See id. ("Having determined that Plaintiffs' claims regarding noncompliance with the pre-clearance requirements of § 5 of the Voting Rights Act of 1965 are neither wholly insubstantial nor completely without merit . . . .").

Section 2284(b)(3) authorizes a three-judge District Court to revisit any ruling issued by a single judge in a case. 28 U.S.C. § 2284(b)(3). The Defendants duly sought reconsideration of the Court's grant of Plaintiffs' application for a three-judge District Court. See Docket No. 11. Said motion for reconsideration was denied by the three-judge District Court on January 17, 2003. See Docket No. 15. Thus, the three-judge District Court also, in effect, determined that Plaintiffs' claims were not frivolous.

Having disposed of the merits of Plaintiffs' Section 5 claim and Defendants' motion for attorney's fees related thereto, and having severed and remanded all other issues to the originating judge, see Docket No. 15, we hereby find that there are no further issues to be decided by this Court of three judges and it is therefore dissolved.

Signed in Brownsville, Texas, this 22nd day of April, 2003.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE
Signing on behalf of all members of
the three-judge District Court