44

United States District Court
Southern District of Texas
FILED

SEP 2 6 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CITY OF COMBS, TEXAS, Olga Montes, §
Individually and in her Capacity as §
Alderman for the City of Combs, Texas, §
Antonio Hernandez and Marian Reañades §
Plaintiffs, §
§
v. §           CIVIL ACTION. NO. B-02-169
§
EAST RIO HONDO WATER SUPPLY §
CORPORATION, B. J. Simpson, §
Charles M. Kilbourn, Thomas F. Schmitt §
Maria Hopper, Gloria Science, Santos §
Castillo, Ben Cowan and Henry Lipe, §
currently elected and/or appointed §
Members of the Board of Directors §
of the EAST RIO HONDO WATER §
SUPPLY CORPORATION §
Defendants. §

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION TO DISMISS**

Plaintiffs have filed a motion to dismiss their lawsuit pursuant to Rule 41, Federal

Rules of Civil Procedure. Defendants have filed a response opposing the dismissal based

on their reading of Rule 41(a)(2), Fed. R. Civ. Pro., involving situations where a counter

claim cannot remain pending independent of the original claims of the Plaintiffs and

because they oppose a dismissal without prejudice. Defendants have misapplied Rule

41(a)(1) and misread Plaintiffs' motion.

<u>Defendants' Counterclaim Is Not A Proper Pendent State Claim and Is Not Dependent on
Plaintiffs' Original Claims For Adjudication.</u>

The parties have submitted authority to this Court that only pendent state claims

arising out of the facts that form the premise of the original federal claims that gave rise

to the court's jurisdiction may be heard. See: Plaintiffs' Motion to Dismiss State-Law

1

Counterclaim, p. 3 and Defendants' Response To Plaintiffs' Motion to Dismiss State-Law Claim, p. 2 ("Section 1367a authorizes a federal court to exercise jurisdiction over pendent claims, …when they are so related to the claims in the action that they are part of the same 'case in controversy'"). See also: United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966)

All of Plaintiffs' original claims related to the manner in which the Defendant East Rio Hondo Water Supply Corporation conducts its elections for its governing body and its officers and its effect on minority voters. Defendants' counterclaim is based on wholly different facts concerning a contract dispute between only one of the parties, the Town of Combs and the East Rio Hondo Water Supply Corporation. See: Defendants' Answer and Counterclaim. The Defendants' never asserted that the factual basis of Plaintiffs' federal law claims, voting rights violations, formed the basis of the contract dispute. See Defendants' Opposition to Plaintiffs' Motion to Dismiss Counterclaim. Rather the Defendants asserted that the basis for maintaining their contract claim was linked to the Town of Combs' **standing** to bring this action. Id. Defendants cited no authority for the proposition that a pendent state law claim is properly maintained if it is somehow linked to the standing of one of the Plaintiffs. Moreover, Defendants never challenged the Town of Combs standing to bring this action and Plaintiffs dispute that the Town of Combs only basis for standing was their contract with the Defendant East Rio Hondo Water Supply Corporation.[1]  Therefore, since the pendent state law contract claim

---

[1] The By Laws for the East Rio Hondo Water Supply Corporation at Article VIII, Section 1 states: "Every person (which includes any legal entity) owning or having a legal right to control, possession or occupancy of property served or which may reasonably be served by the corporation, shall have the right to become a Member…" The Town of Combes as a legal entity within part of the geographic area served by the East Rio Hondo Water Supply Corporation has the "right to become a Member" of the corporation and therefore had standing, independent of the contract.

2

is not linked to the federal claims its survival is not dependent on maintaining those claims and the provisions of Rule 41 relied upon by the Defendants is not applicable here.

<u>Plaintiffs' Motion to Dismiss Contemplates Dismissal With Pejudice.</u>

The Defendants also oppose Plaintiffs' motion because they oppose a dismissal without prejudice. However, the Rule 41(a)(2) provides for dismissal upon such terms and conditions as the court deems proper. As pointed out in Plaintiffs' motion, the basis for the filing is the Three-Judge Court's legal determination that East Rio Hondo Water Supply Corporation was not a "political subdivision" of the State of Texas, a legal ruling that forecloses all of Plaintiffs' claims. Therefore, it would be proper for this Court to dismiss Plaintiffs' claims with prejudice.

Based on the foregoing and on Plaintiffs' Motion to Dismiss, Plaintiffs respectfully request this Court grant Plaintiffs Motion to Dismiss.

DATED: September 24, 2003             Respectfully Submitted,

                                      ROLANDO L. RIOS
                                      MELISSA CASTRO
                                      GEORGE KORBEL
                                      The Law Offices of Rolando L. Rios

                                      The Milam Building
                                      115 E. Travis St., Suite 1645
                                      San Antonio, Texas 78205
                                      (210) 222-2102
                                      (210) 222-2898 fax
                                      rrios@rolandorioslaw.com

                                      Richard Valdez
                                      Combes City Attorney
                                      905 Morgan Boulevard
                                      Suite B
                                      P.O. Box 534042
                                      Harlingen, Texas  78550
                                      956-425-5775

JOSE GARZA
SBN: 07731950 FBN 1959
Law Office of Jose Garza
1913 Fordham
McAllen, Texas 78505
956-343-0157
E-mail:garzpalm@aol.com

ROLANDO L. RIOS
SBN: 16935900 FBN 14370

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this *Plaintiffs' Reply to Defendants Response to Plaintiffs Motion to Dismiss* has been mailed to the attorney for the Defendants at the following address on this 24th day of September, 2003.

Mr. J.W. Dyer
Dyer & Associates
3700 N. 10th Street, Suite 105
Mc Allen, Texas 78501
Tel. (956) 686-6606
Fax (956) 686-6601

Rolando L. Rios

4