United States District Court
Southern District of Texas
ENTERED
OCT 3 0 2003
Michael N. Milby, Clerk of Court
By Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS —BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| CITY OF COMBES, TEXAS, ET AL. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02-169 |
| | § | (Single-Judge District Court) |
| EAST RIO HONDO WATER SUPPLY CORP. ET AL. | § § | |

## ORDER OF DISMISSAL

Pending before this Court is Plaintiffs' Motion to Dismiss. Docket No. 43. Plaintiffs have subsequently clarified that their motion contemplates dismissal of their own remaining claims with prejudice. Docket No. 44. Defendants have filed a response in opposition regarding this matter. Docket No. 42. Both parties reiterated their respective positions in open court on October 28, 2003. For the reasons elaborated below, the Court hereby **GRANTS** Plaintiffs' motion. In addition, the Court hereby **DISMISSES** the Defendants' state law contractual counterclaim without prejudice and subject to the condition discussed below.

As a consequence of a prior order entered by the Three-Judge District Court in this case, which was affirmed by the United States Supreme Court, see City of Combes, Texas v. East Rio Hondo Water Supply Corp., 244 F. Supp. 2d 778 (S.D. Tex. 2003), aff'd, 123 S.Ct. 2651 (2003), Plaintiffs have admitted that their remaining claims are foreclosed. See Docket No. 44 (conceding that "the Three-Judge Court's legal determination that East Rio Hondo Water Supply Corporation was not a 'political subdivision' of the State of Texas . . . forecloses all of Plaintiffs' claims."). Plaintiffs are unmistakably correct in conceding this point. See, e.g., Hardyman v. Collins, 183 F.2d 308, 312 (9th Cir. 1950) ("One set of rights, comprehended in the due process and equal protection clauses of the Fourteenth Amendment, as well as the Fifteenth and Nineteenth Amendments and certain portions of the original Constitution, is subject to federal protection only as against state action."), rev'd on other grounds, 341 U.S. 651 (1951); see also 2 RONALD D. ROTUNDA & JOHN E. NOWAK, TREATISE ON CONSTITUTIONAL LAW § 16.1 (3d ed. 1999) ("[T]he amendments to the Constitution which protect individual liberties specifically address themselves to actions taken by

the United States or a state. Only the Thirteenth Amendment, which abolishes the institution of slavery, is also directed to controlling the actions of private individuals.").

Defendants oppose dismissal on the basis of FED. R. CIV. P. 41(a)(2), which provides that, "[i]f a counterclaim has been pleaded by a defendant prior to service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." Docket No. 42. Defendants' state law contractual counterclaim was filed well before the present motion to dismiss. See Docket No. 4 (Defendants' Answer, which was filed on October 25, 2002). Notwithstanding this Court's prior summary refusal to dismiss the aforesaid counterclaim, Docket No. 41, the counterclaim may not be such as to remain pending for independent adjudication by this Court in the event that Plaintiffs' claims are dismissed.

In this instance, this Court thinks that dismissal is proper under these circumstances. The purpose of Rule 41(a)(2) is to safeguard defendants from prejudice that might ensue as a result of voluntary dismissals. Davis v. Huskipower Outdoor Equip. Corp., 936 F.2d 193, 199 (5th Cir. 1991); Manshack v. Southwestern Elec. Power Co., 915 F.2d 172, 174 (5th Cir. 1990). When a dismissal with prejudice is entered in its favor, a defendant may not generally complain of any cognizable prejudice. See Schwarz v. Folloder, 767 F.2d 125, 129 (5th Cir. 1985) ("[N]o matter when a dismissal with prejudice is granted, it does not harm the defendant: The defendant receives all that he would have received had the case been completed."). Indeed, "some courts have held that a dismissal with prejudice is not discretionary, but instead must be granted if requested by the plaintiff." Id. at 129 n.5 (citing Smoot v. Fox, 340 F.2d 301, 303 (6th Cir. 1964)). Inasmuch as there is a state lawsuit pertinent to Defendants' counterclaim that is presently abated pending the outcome of this suit and the Defendant does not aver any prejudice would result from trying his state law claim in state court,[1] dismissal of the counterclaim is appropriate under 28 U.S.C. § 1367(c)(3) (authorizing district courts to decline to exercise supplemental jurisdiction if it "has dismissed all

---

[1] Such a claim is legally foreclosed. See Templeton v. Nedlloyd Lines, 901 F.2d 1273, 1274 (5th Cir. 1990) (per curiam) (finding "prospect of a trial in state court" to be "insufficient to demonstrate legal prejudice").

2

claims over which it has original jurisdiction").[2] In an effort to ensure dismissal is not prejudicial in any fashion, this Court conditions dismissal of the counterclaim upon the willingness of the Plaintiffs to not assert in the state proceedings any statute of limitations defense or other time-related defense that would not have otherwise existed at the time that the cross-action was filed herein. Cf. Templeton v. Nedlloyd Lines, 901 F.2d 1273, 1274 (5th Cir. 1990) (per curiam) (conditioning dismissal on non-opposition in a subsequent state action to use of discovery generated during the course of the federal suit). During the October 28, 2003 hearing, Plaintiffs stipulated to the Court that no such defense would be asserted.[3]

Finally, in their Motion to Dismiss, Plaintiffs requested "that all costs of Court incurred herein be adjudged against each party incurring the same." Docket No. 43. Plaintiffs costs-related request does not specifically reference attorneys' fees. Dismissal with prejudice of all of the Plaintiff's civil rights-related claims confers prevailing party status upon the Defendants. Schwarz, 767 F.2d at 130-31. However, for the reasons previously specified in the Three-Judge District Court's Denial of Attorney's Fees dated April 22, 2003 regarding Plaintiff's Section 5 claim, Docket No. 37, the Defendants are not entitled to an award of attorneys' fees due to the heightened showing that a prevailing defendant must make in a civil rights case. Costs other than attorneys' fees, however, are not subject to the aforementioned heightened showing. Byers v. Dallas Morning News, Inc., 209 F.3d 419, 430 (5th Cir. 2000); Trevino v. Holly Sugar Corp., 811 F.2d 896, 906 (5th Cir. 1987). Indeed, "costs other than attorneys' fees shall be allowed as of course to the prevailing party

---

[2] The abated action is styled City of Combes v. East Rio Hondo Water Supply Corp., Cause No. 2002-12-4796-E (357th Tex. Dist. Ct. filed Dec. 3, 2002). The Order of Abatement was entered on January 16, 2003. See Docket No. 34 (attaching state lawsuit petition and order as Exhibits 2 and 3). During the October 28, 2003 hearing, counsel for Plaintiffs represented that this state suit remains abated. Defense counsel did not disagree. The Defendants did not answer in the state suit prior to abatement and thus have not asserted the counterclaim in state court as of this date.

[3] The Court has conditioned dismissal on this stipulation as a cautionary measure. The facts before the Court indicate that the Defendants would suffer no prejudice even in its absence. The contractual dispute at issue is alleged to have become ripe in November of 2001. Docket No. 4 at ¶ 27. Texas's statute of limitations for breach of contract claims is governed by a four-year statute of limitations. Kansa Reinsurance Co. v. Congressional Mortgage Corp. of Texas, 20 F.3d 1362, 1369 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE § 16.004). Accordingly, dismissal of the counterclaim will in no wise preclude Defendant City of Combes from pursuing this state law matter in state court.

unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). It is an abuse of discretion to deny such costs without explanation. Schwarz, 767 F.2d at 131-32. Accordingly, this Court will entertain any timely filing of a bill of costs. See LOCAL RULE 54.2 ("An application for costs shall be made by filing a bill of costs within 14 days of the entry of a final judgment.").

Therefore, the Court hereby **GRANTS** Plaintiffs' Motion to Dismiss their remaining claims with prejudice. In addition, the Court hereby **DISMISSES** the Defendants' state law contractual counterclaim without prejudice and subject to the condition specified above.

Signed in Brownsville, Texas, this 28th Day of October, 2003.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE